**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**PAUL EDWARD MADDEN**                                                                **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 5:16CV-P23-GNS**

**RICKY PARNELL** *et al.*                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Paul Edward Madden, a convicted inmate currently incarcerated at the

Crittenden County Detention Center (CCDC), filed a *pro se* complaint pursuant to 42 U.S.C.

§ 1983 (DN 1).  Thereafter, Plaintiff filed a letter asserting new claims (DN 6).  The Court

construes the letter as a motion to supplement the complaint and **GRANTS the motion (DN 6)**.

This matter is before the Court on initial screening of the complaint (DN 1) and its supplement

(DN 6) pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss all

claim but allow Plaintiff to amend his retaliation claims.

### I.  SUMMARY OF CLAIMS

Plaintiff brings this action against Fulton County Jailer Ricky Parnell and Fulton County

Detention Center (FCDC) Chief Deputy Jeff Johnson in their official capacities (DN 1).  In the

complaint, he raises six claims related to his detention at FCDC and seeks punitive damages and

transfer from FCDC.

First, Plaintiff alleges that "from Aug 30th 2015 – Jan 26th 2016 Cell #205 has been

overcrowded."  He states, "The cell holds 20 inmates.  At all times there was between 6-20

people on the floor sleeping with there mats on plastic bags.  1 shower and two tolits.  No boats

to sleep on, no room to hardly walk around the cell."  He asserts that "Ricky Parnell is Jailer and

has control over How many inmates are in the Jail."

Second, Plaintiff alleges that from "Aug 30th 2015 – Jan 2016, multiple cells in the Jail had very large amounts of black mold growing on walls, ceilings and out of the ventilation vents. Black mold can cause servere health problems.  Ricky Parnell is responsiable for living conditions."

Third, Plaintiff claims, "My right to grievance councel was denied.  I filed a grievance on 1-25-16, on 1-28-2016 I was moved from Cell 205 from a bunk to the floor in Cell 121.  I was moved as a punishment for fileing a grievance."  He states that Defendant Johnson sent an email to "C-O Crystal to move me.  She stated I was moved so they could say the grievance was resolved."

Fourth, Plaintiff alleges that from August 2015 to February 2016, while in cell 121, "there was no adequate source of drinking water, to drink water it has to be gotton out of the shower, the sinks only 'Drip" water, cruel & unusual punishment" by Defendant Parnell.

Fifth, Plaintiff claims that from August 2015 to February 2016, the FCDC was understaffed.  He states, "The C-O's dont come in the cell's after 3pm – 7am due to being under staffed, on Sat and Sundays no C-O's come in the cells at At."  He contends that "There isnt enough guards to properly protect the inmates.  Cops from the city have to be called just for the C-O's to come in the Cell's during [illegible] times."  He claims that Defendant Parnell "should employ enough workers to properly protect the inmates."

Lastly in the complaint, Plaintiff alleges that from August 2015 to February 2016, "mail is just placed in [illegible] flaps.  wrot bonds are not checked, ther is no privacy of paperwork." He claims that Defendant Parnell is responsible "for the officers actions."

In the supplement, Plaintiff states that an "18 inch pipe wrench was placed in a new mattress" and given to him.  He claims that "the next day the cell was searched and It was found

2

in my mattress.  I had no knowledge of any pipe wrench being in my mat." He continues, "The Jail refused to write me up and refused to allow me court call process and legal aide. . . . [and] has placed me in segregation with no set amount of days to be hear."  Plaintiff asserts that he had "fears the Jail would retalieate against me for fileing the 1983 Form.  Im in fear for my life at this faculity and fill the jail will endanger my life."  He, therefore, requests transfer to another facility.

By letter dated June 11, 2016, Plaintiff advised this Court that he had been transferred to CCDC (DN 11).

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

Plaintiff sues Defendants Parnell and Johnson in their official capacities only.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity

4

claims against Jailer Parnell and Chief Deputy Johnson, therefore, are actually against Fulton County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).

Additionally, Plaintiff's request to be transferred away from FCDC is moot since he has advised the Court of his transfer to CCDC.  *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

Against this backdrop, the Court will consider each of Plaintiff's claims.

### A.  Conditions of Confinement

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).  An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of

5

mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

### 1. Overcrowding

"'[E]xtreme deprivations' must be alleged to support a prison overcrowding claim." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). "[O]vercrowding is not, in itself, a constitutional violation, and [Plaintiff] has not alleged that the allegedly overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Id.*; *see also Brown v. Plata*, 563 U.S. 493 (2011) (overcrowding violates the Eighth Amendment when it "strains inadequate medical and mental health facilities; overburdens limited clinical and custodial staff; and creates violent, unsanitary, and chaotic conditions that contribute to the constitutional violations"); *Daugherty v. Timmerman-Cooper*, No. 2:10-cv-01069, 2011 WL 3206844, at *3 (S.D. Ohio June 28, 2011) ("[N]umerous courts, including both the Sixth Circuit and this Court, have emphasized that double or triple celling inmates, without more, is insufficient to state a constitutional claim.") (report and recommendation), *adopted*, 2011 WL 3207053 (S.D. Ohio July 27, 2011). Thus, the Court will dismiss Plaintiff's conditions-of-confinement claim with regard to his allegations of overcrowding because they do not state a constitutional claim.

### 2. Black Mold

"The mere allegation of the presence of some mold does not create a condition 'intolerable for prison confinement.'" *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 WL 6591581, at *4 (E.D. Mich. Dec. 18, 2012) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348

(1981)).  While Plaintiff claims that black mold can cause health problems, he does not allege that he experienced any symptoms related to the presence of mold at FCDC, and a "speculative injury does not vest a plaintiff with standing . . . ."  *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000); *see also Voorhees v. Huber*, No. 1:01CV-76-M, 2010 WL 3211046, at *2 (W.D. Ky. Aug. 12, 2010) (finding that plaintiff's speculation that his exposure to mold in his sleeping area could endanger his health failed to state an Eighth Amendment claim); *Simpson v. Osborne*, 4:09CVP84-M, 2010 WL 2898808, at *3 (W.D. Ky. July 22, 2010) (finding that plaintiff's speculative injury of future harm from mold in the shower failed to state an Eighth Amendment claim); *McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *2-4 (W.D. Mich. Sept. 10, 2007) (finding that plaintiff's conclusory allegations regarding his exposure to black mold and his lack of anything other than future speculative harm failed to support an Eighth Amendment claim).  Furthermore, since filing the complaint, Plaintiff has been transferred to another facility.  Thus, the threat of future injury has ended.  Plaintiff, therefore, fails to state a constitutional claim related to the presence of black mold at FCDC.

### 3. Water

Deprivation of drinking water can state an Eighth Amendment claim.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001).  Here, Plaintiff alleges "no *adequate* source of drinking water."  (emphasis added).  Plaintiff does not allege that he was completely denied water, that he was not provided with hydration at meal times, that he became ill due to drinking shower water, that he was ever dehydrated, or that he suffered any harm as a result of slow dripping water in the sinks at FCDC.  Furthermore, he has been transferred away from FCDC.  Plaintiff, therefore, fails to state an Eighth Amendment claim related to drinking water at FCDC, and that claim will be dismissed.

### 4. Understaffing

Plaintiff complains of understaffing at FCDC, but he fails to allege that he suffered any harm due to the understaffing.  This general claim fails to rise to the level of a constitutional claim, and because he is no longer at FCDC, he is no longer subject to this condition. Accordingly, Plaintiff's understaffing claim will be dismissed.

### B.  Mail

Plaintiff claims only that "mail is just placed in [illegible] flaps.  wrot bonds are not checked, ther is no privacy of paperwork."  He does not allege facts indicating that anyone violated his mail or privacy rights.  He merely makes general allegations regarding mail.  These allegations wholly fail to support any claim of a constitutional dimension and will be dismissed.

### C.  Grievance Issue

Plaintiff alleges that he was denied his right to "grievance councel" and that he was moved to a different cell so that "they  could say the grievance was resolved."  A prisoner, however, does not have a constitutional right to counsel in a prison grievance procedure.  *See Drake v. Muniak*, No. CIV. 13-3868 RBK KMW, 2014 WL 1665045, at *6 (D.N.J. Apr. 24, 2014) ("Contrary to plaintiff's argument, he had no absolute constitutional right to counsel to proceed with his pursuit of prison grievances."); *see also Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986) ("[A]n inmate has no right to counsel in disciplinary proceedings[.]") (citing *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974)).  Moreover, any complaint regarding the grievance procedure does not state a constitutional claim.  *See Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (holding that if the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right).  Accordingly,

Plaintiff has failed to state a claim related to the grievance procedure and denial of counsel therein, and those claims will be dismissed.

### D.  Retaliation

 In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

In the complaint, Plaintiff alleges that he was moved from a cell with a bunk to a cell where he had to live on the floor at Defendant Johnson's direction as punishment for filing a grievance.  Because he sues Defendants in their official capacities only, he must show that a Fulton County policy or custom caused his alleged harm.  He has not alleged such a policy or custom.  Therefore, he fails to state a claim upon which relief may be granted as against Defendants Parnell and Johnson in their official capacities, and the retaliation claim against them in their official capacities will be dismissed.

In the supplement, Plaintiff claims that in retaliation for filing this § 1983 action, a pipe wrench was placed in a mat and given to him; that the next day his cell was searched, and the pipe wrench was found; and that the jail refused to write him up but placed him in segregation. Plaintiff fails to assert any policy or custom that resulted in his alleged harm.  He, therefore, fails to state a claim upon Defendants in their official capacities, and the official-capacity retaliation claim will be dismissed.  Additionally, Plaintiff sought only a transfer to another facility as relief in the supplement, a request which has been mooted by his transfer to CCDC.

9

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  The Court will allow Plaintiff to amend his retaliation claims to name as Defendants in their individual capacities the persons who he claims retaliated against him; to describe the facts surrounding how each Defendant allegedly retaliated against him; and to state the relief he seeks.

## IV.  ORDER

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED** that on initial review of the complaint, all claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from entry of this Order, Plaintiff may amend the complaint** to name the person or persons involved in his retaliations claims; to sue them in their individual capacity; to describe the facts surrounding each Defendant's involvement in his retaliation claims; and to state the relief that he seeks.

The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

   **Plaintiff's failure to file an amended complaint within 30 days will result in the entry of a final Order dismissing the entire action for the reasons stated herein**.

Date:   August 29, 2016

.

**Greg N. Stivers, Judge**
**United States District Court**

cc:       Plaintiff, *pro se*
          Defendants
          Fulton County Attorney
4416.005