UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

PAUL EDWARD MADDEN                                                PLAINTIFF

v.                                             CIVIL ACTION NO. 5:16CV-P23-GNS

RICKY PARNELL *et al.*                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Edward Madden, a convicted inmate currently incarcerated at the Henderson County Detention Center (HCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1) and supplement thereto (DN 6). On initial review of the complaint and its supplement pursuant to 28 U.S.C. § 1915A,[1] the Court, by Memorandum Opinion and Order entered August 30, 2016 (DN 12), dismissed all claims but allowed Plaintiff to amend the complaint to name the person or persons involved in his retaliation claims; to sue them in their individual capacity; to describe the facts surrounding each Defendant's involvement in his retaliation claims; and to state the relief that he seeks.

Thereafter, Plaintiff filed an amended complaint (DN 16) against Fulton County Jailer Ricky Parnell and Fulton County Detention Center Chief Deputy Jeff Johnson in their individual capacities; provided more detail surrounding the retaliation claims against those two Defendants; and indicated that he seeks punitive damages and an injunction relieving Defendants of their duties at the jail. Plaintiff also filed a supplement consisting of a document allegedly in support of his claims (DN 17).

---

[1] Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

On initial review of the amended complaint (DN 16) and its supplement (DN 17) pursuant to 28 U.S.C. § 1915A, in conjunction with its prior review of the complaint (DN 1) and its supplement (DN 6) under § 1915A,

**IT IS ORDERED** that the claim for injunctive relief is **DISMISSED as moot** because Plaintiff is no longer incarcerated at FCDC, where the alleged wrongdoing occurred. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

**IT IS FURTHER ORDERED that the First Amendment retaliation claims shall continue against Defendants Parnell and Johnson in their individual capacity for damages**. In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of these remaining claims.

Date: March 8, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Fulton County Attorney
4416.005