UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**PAUL EDWARD MADDEN**                                                                **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 5:16CV-P23-GNS**

**RICKY PARNELL** *et al.*                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On initial review of Plaintiff Paul Edward Madden's *pro se* complaint (DN 1), amended complaint (DN 16), and their supplements (DNs 6 & 17) pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's First Amendment retaliation claims to continue against Defendants Ricky Parnell and Jeff Johnson in their individual capacities for damages (DN 18). Defendant Johnson, by counsel, has filed a motion to dismiss based on Plaintiff's failure to prosecute and/or participate in discovery (DN 30). Plaintiff did not file a response. Consequently, in light of Plaintiff's *pro se* status, the Court entered an Order on February 9, 2018, directing Plaintiff to file a response to the motion to dismiss within 21 days of entry of the Order and warning Plaintiff that his failure to file a response would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court (DN 31). Well over 21 days have passed without any response by Plaintiff. Accordingly, **IT IS ORDERED** that Defendant Johnson's motion to dismiss (DN 30) is **GRANTED**.

The Court advises that the summons directed to Defendant Parnell was returned to the Court unexecuted. Thus, Defendant Parnell has yet to be served with the pleadings. Nevertheless, this dismissal applies to the claims against Defendant Parnell as well, because the Court warned Plaintiff that his failure to file a response to Defendant Johnson's motion to dismiss would result in dismissal of the *action* for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this entire action. Therefore, this entire action, including the claims against Defendant Parnell, will be dismissed by separate Order.

Date: March 30, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
    Defendant Parnell
4416.005